UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAJHON WILSON,
FDOC Inmate No. R21310,
        Plaintiff,

vs.                                          Case No.:  3:25cv766/LC/ZCB

NURSE D. PICKETT, et al.,
        Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC).  He filed this *pro se* lawsuit against three medical officials on June 5, 2025.  (Doc. 1).  Plaintiff has not paid the filing fee, but he has filed a motion to proceed *in forma pauperis* (IFP).  (Doc. 2).  Upon review of Plaintiff's litigation history, the undersigned recommends this case be dismissed without prejudice because Plaintiff is a three-striker barred from proceeding IFP.  As such, he was required to pay the filing fee upon initiating this suit.  But he failed to do so.

## I.    Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated. .

1

., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee after being denied *in forma pauperis* status" because the fee was due "at the time he *initiate[d]* the suit." *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Here, Plaintiff admits that he is a three-striker. (Doc. 1 at 8). The Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database.[1] That search has revealed the following actions or appeals in federal courts that were dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted:

- *Wilson v. Gualtieri*, No. 8:15cv1578/CEH/AEP (M.D. Fla. Oct. 19, 2015) (dismissed for failure to state a claim);

- *Wilson v. Culpepper*, 3:20cv5155/MCR/HTC (N.D. Fla. May 7, 2020) (dismissed as malicious); and

- *Wilson v. Bearden*, 3:20cv5260/LAC/EMT (N.D. Fla. June 11, 2020) (dismissed as malicious).[2]

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[2] Plaintiff admits that he is a three-striker and lists all three of these cases in the "Prior Litigation" section of his complaint. (Doc. 1 at 10). Additionally, Plaintiff in *Wilson v. Culpepper* and *Wilson v. Bearden* identified as Inmate # R21310. Plaintiff here identifies himself with that same inmate number. (Doc. 1 at 1).

In fact, this Court and the U.S. District Court for the Middle District of Florida have repeatedly recognized Plaintiff as a three striker who is barred from proceeding IFP:

- *Wilson v. Doe*, No. 3:22cv10926/LC/ZCB (N.D. Fla. Sept. 1, 2022);

- *Wilson v. Combs*, No. 3:23cv1355/MMH/LLL (M.D. Fla. Nov. 22, 2023);

- *Wilson v. Folsom*, No. 3:21cv798/BJD/JBT (M.D. Fla. Aug. 20, 2021);

- *Wilson v. Norris*, No. 3:21cv968/LAC/HTC (N.D. Fla. Sept. 13, 2021); and

- *Wilson v. Bearden*, No. 3:21cv967/MCR/EMT (N.D. Fla. Sept. 27, 2021).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP and should have paid the filing fee at the time of filing. He failed to do so. The only remaining question is whether Plaintiff's factual allegations support a finding that he is "under imminent danger of serious physical injury" as required for the exception

in § 1915(g) to apply.  The answer to that question is no.  Here are the reasons why.

The § 1915(g) exception requires the complaint to allege imminent danger of serious physical injury.  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  The exception requires "specific, credible allegations of imminent-danger of serious physical harm."  *Chestnut v. Leavins*, No. 3:21cv827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (cleaned up), *adopted by* 2021 WL 3132724 (N.D. Fla. Jully 24, 2021).  A complaint must include "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009).

Additionally, the plaintiff must be in imminent danger of serious physical injury at the time he files the lawsuit—not at the time of the alleged incident that gave rise to the complaint.  *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that because the threat of imminent danger to the inmate "ceased prior to the filing of his [c]omplaint," he did not qualify for the 1915(g) imminent danger exception); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir.

2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Here, Plaintiff alleges he is in imminent danger of serious injury because he is suffering from "on-going suicidal and homicidal ideations resulting in constant efforts of" self-harm.[3] (Doc. 1 at 8). However, courts in this Circuit have repeatedly found that a threat of self-harm "is not encompassed within the statutory reference to 'imminent danger of serious bodily injury.' If that were the case, virtually every prisoner plaintiff could make such a claim." *Washington v. Jones*, No. 3:23cv24756/LC/HTC, 2023 WL 9604643, at * (N.D. Fla. Dec. 26, 2023), *adopted*, 2024 WL 554138 (rejecting plaintiff's allegation that he was in imminent danger due to his suicidal ideations); *Waller v. Doe*, No. 3:19cv751, 2019 WL 3219839, at *1 (M.D. Fla. July 17, 2019), *appeal dismissed sub nom. Waller v. Corr. Officer*, No. 19-13208-K, 2019 WL 6331582 (11th Cir. Sept. 27, 2019) (acknowledging that risk of self-harm is not an imminent threat of serious physical injury despite previous

---

[3] The crux of Plaintiff's complaint is Defendants failure to provide him with mental health treatment prior to a suicide attempt.

6

suicide attempt). Courts have also recognized that such a claim is inherently self-serving, difficult to verify, and subject to abuse: "[n]or will this Court accept medically uncorroborated self-harm claims, since that obviously would enable convicted criminals to instantly neutralize the very public-resource protection that Congress enacted under § 1915(g)." *Smith v. Chatham Cty. Dist. Office*, No. CV416-069, 2016 WL 1128226, at *1 (S.D. Ga. Mar. 21, 2016), *adopted*, 2016 WL 2347099; *see also Muhammad v. McDonough*, No. 3:06cv527, 2006 WL 1640128, at *1 n.1 (M.D. Fla. June 9, 2006) ("[I]t is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision by threatening to commit suicide or threatening to kill someone else.").

## II.    Conclusion

Because Plaintiff is a three-striker who has not shown the imminent danger exception applies, he is barred from proceeding IFP. Thus, he should have paid the filing fee when this lawsuit was commenced. He did not do so. Accordingly, it is respectfully **RECOMMENDED**:

1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (Doc. 2), be **DENIED**.

2.    This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he commenced this case.

3.    The Clerk of Court be directed to close this case.

At Pensacola, Florida this 17th day of June 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## <u>Notice to the Parties</u>

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.